# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:24CV-P10-JHM

**VERSACE ALAN SCOTT**                                                                 **PLAINTIFF**

**v.**

**JOE HENDRICKS, JR.**                                                                 **DEFENDANT**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Versace Alan Scott brings this action against Logan County Circuit Court Judge Joe Hendricks, Jr., in both his official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On 8-19-23 I was kidnapped by Logan County Sheriff Department and booked on fake charges when I went to Circuit Court in front of Judge Joe Hendricks on 11-30-23 I told the court I was wrongful imprisoned and kidnapped by the Logan County Sheriff Department and this was an attempt murder on my life when I got to jail they sliced me with a knive 7 time with intent to kill me. Judge Joe was asked by my writing the court and telling them that I was kidnapped and my life was almost taken the second time by Logan County Sheriff Department. I wrote the court asking them to contact the Sheriff Department and FBI to verify I was being truthful and had opene cases with Louisville FBI. Asked the court to put a motion to dismiss all my charges and they refused to do so which led to me being wrongful imprisoned since the kidnapping on 8-19-23 and was booked into Logan County Detention Center on all fake charges and am still a victim of wrongful imprisonment and sueing Joe Hendricks, Jr. for failure to drop false charges wrongful imprisonment and failure to report felony kidnapping of me and my niece Ashland McCubbins to the proper authority's.

As relief, Plaintiff seeks damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claim

Plaintiff's official-capacity claim against Judge Hendricks, who is a state official, fails for two reasons. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state official in his official capacity, Plaintiff fails to state a cognizable claim under § 1983. Plaintiff's official-capacity claim against Judge Hendricks also fails because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); see also *Bennett v. Thorburn*, No. 86-1307, 1988 U.S. App. LEXIS 4035, at *2 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

Accordingly, Plaintiff's official-capacity claim against Judge Hendricks must be dismissed for seeking damages from a Defendant immune from such relief and for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim

Judges are also entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity from suit can be overcome in two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

To the extent Plaintiff is suing Judge Hendricks for wrongfully imprisoning him, Judge Hendricks is entitled to judicial immunity because this action would have been taken in his judicial capacity and in a case over which he had jurisdiction. *See, e.g.*, *Gipson v. Hamilton Cnty. Court of Common Pleas*, 1:22-CV-764, 2023 U.S. Dist. LEXIS 115604 (S.D. Ohio July 5, 2023) (finding that that an unlawful imprisonment claim against a judge must be dismissed on the basis of judicial immunity); *Kenney v. Bates*, No. 3:22 CV 1923, 2023 U.S. Dist. LEXIS 17922, at *3-4 (N.D. Ohio Feb. 2, 2023) (dismissing claims against judge challenging lawfulness of state-court conviction and imprisonment on the basis of judicial immunity).

Moreover, the Court need not determine whether Judge Hendricks is entitled to judicial immunity for his alleged failure to report Plaintiff's "felony kidnaping" to the authorities because Plaintiff points to no federal law or constitutional rule which this alleged failure to report violates, as § 1983 requires.

Thus, the Court will dismiss Plaintiff's individual-capacity claims against Judge Hendricks for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
4414.010